**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jamario Quinton Jones, Appellant.

Appellate Case No. 2012-210189

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2014-UP-040
Submitted December 1, 2013 – Filed January 29, 2014

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with

the existence or nonexistence of evidence, not its weight. A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged. When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate. If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *State v. Stuckey*, 347 S.C. 484, 499 n.7, 556 S.E.2d 403, 411 n.7 (Ct. App. 2001) ("Because [appellate courts] consider only the existence of evidence in reviewing the denial of a directed verdict, . . . witness credibility is not a proper inquiry for our consideration."); *State v. Moore*, 374 S.C. 468, 476, 649 S.E.2d 84, 88 (Ct. App. 2007) ("Armed robbery occurs when a person commits robbery while either armed with a deadly weapon or alleging to be armed by the representation of a deadly weapon."); *State v. Frazier*, 386 S.C. 526, 532, 689 S.E.2d 610, 613 (2010) ("Armed robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear."); S.C. Code Ann. § 16-11-311(A) (2003) (providing "[a] person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling" and the existence of an aggravating circumstance, including the person is armed with a deadly weapon); S.C. Code Ann. § 16-23-490(A) (2003) (providing a person is guilty of possession of a weapon during the commission of a violent crime if he "is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in [s]ection 16-1-60 [of the South Carolina Code (2003)]"); S.C. Code Ann. § 16-1-60 (2003) (defining armed robbery and first-degree burglary as violent crimes).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.